## JONES v HARMON etc

Ohio Appeals, 3rd Dist, Logan Co
No. 773. Decided January 6, 1930

Messrs. West & Campbell, Bellefontaine, and Stickle & Cessna, Kenton, for Jones.

Messrs. Hale & McGee and A. Jay Miller, Bellefontaine, for Harmon etc.

HUGHES, J.

This evidence, admitted over the objection of the defendants, touching the value of the stock of merchandise, was error, but in view of the size of the verdict, we find no prejudice resulting therefrom.

Since our judgment in the first review, above referred to, the Supreme Court, in the case of **Heidle v. Baldwin, 118 OS. 375,** has pronounced the law upon this same subject, making it clear that our former pronouncement was not correct.

We are confronted therefore, in this review, with the problem of whether or not the law as laid down by us in our former review, and which was followed by the trial court in the retrial, is to be considered the law of the case, even though the Supreme Court has declared such to be incorrect.

In the case of **Gohman v. City of St. Bernard, 111 OS. 726,** it is laid down positively that where after a definite determination the Court of Appeals has reversed and remanded a cause for further action in the trial court and the unsuccessful party does not prosecute error therefrom to the Supreme Court, and the trial court has proceeded in substantial conformity with the directions of the Court of Appeals, its action will not be questioned on a review even though upon such second review the Court of Appeals should be of opinion that its former determination was erroneous.

It is therefore clear that we are not at liberty to question this law in this review unless perchance this case is an exception to this rule, made so by the fact that from our decision in the first review the losing party filed his motion in the Supreme Court asking that the record be certified for review and that motion was overruled. We cannot see, however, how such a fact would change the force of

the Heidle case above referred to. The fact that the Supreme Court overruled the motion to certify the record for review would indicate to us rather that the law of the case was thus more firmly fixed for future proceedings in this case.

Entertaining these views, the judgment must be affirmed.

Before Judges Hughes, Justicé and Crow.